UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COREY M. HOWARD, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 18-0608 (TSC) <br> ) |
| UNITED STATES OF AMERICA, | ) <br> ) |
| Defendant. | ) <br> ) |

## MEMORANDUM OPINION

Plaintiff Corey M. Howard brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, seeking the release of information maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). This matter is before the Court on ATF's Motion for Summary Judgment. (ECF No. 11.) For the reasons discussed below, the court will GRANT the motion.

Plaintiff claims that Eric D. Carr committed "misconduct, deceitful behavior, dishonest Conduct and or ethical violations while working as a[n] ATF Agent/Task officer for the [ATF] field office located in Roanoke, Virginia during . . . 2008[.]" (Def.'s Mem., Kil Decl., Ex. A at 1; *see* Compl. at 2.) In September 2017, Plaintiff submitted a FOIA request to ATF seeking information pertaining to an investigation into Carr's alleged misdeeds. (*See* Compl. at 2; Kil Decl., Ex. A at 1.) Ordinarily, a request for information about a third party would require the third party's written consent or proof of the third party's death. (*See* 28 C.F.R. § 16.3.) Plaintiff provided neither. (Kil Decl. ¶¶ 4, 10.)

1

ATF "refused to confirm or deny the existence of responsive records." (*Id*. ¶ 5.) Its declarant Sophia Y. Kil explained:

> When ATF receives a FOIA request for records concerning a third party, it is the policy of ATF to neither confirm nor deny that records exist unless the requester provides consent to release records (or privacy waiver) from the third party, proof of death of the third party, or demonstrates a public interest that is sufficient to outweigh the third party's personal privacy interests. This is known as a "Glomar" response. Without consent, proof of death, or an overriding public interest, even to acknowledge the existence of such records pertaining to a third party would be a violation of the [Privacy Act] and could reasonably be expected to constitute an unwarranted invasion of the third party's personal privacy pursuant to FOIA Exemptions [6 and 7(C)].

(*Id*. ¶ 9; *see also id*., Ex. B at 1.) ATF's decision was affirmed on administrative appeal. (*See id*. ¶¶ 6-8; Compl. at 2-3.)

Plaintiff filed this civil action on March 13, 2018, challenging ATF's response. ATF moved for summary judgment on September 7, 2018, arguing that the information Plaintiff requests cannot be released under either the Privacy Act or FOIA. (*See generally* Def.'s Mem. at 4-9.) The court issued an order on September 13, 2018, advising Plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the motion. Specifically, the court warned Plaintiff that, if he failed to file an opposition to the motion by October 12, 2018, the court would treat the motion as conceded and, if circumstances warrant, enter judgment for Defendant. (ECF No. 12.) The court subsequently extended Plaintiff's deadline to February 1, 2019. (ECF No. 15.) To date, Plaintiff has not filed an opposition to the motion or requested an extension of time.

For purposes of this Memorandum Opinion, the above facts are deemed admitted. *See* LCvR 7(h)(1). However, the court cannot grant summary judgment unless the moving party

demonstrates both that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The court can base its ruling in a FOIA case based solely on information provided in an agency's supporting affidavit or declaration, as long as it is relatively detailed and describes "the documents and the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

Plaintiff requests records relating to a specific individual who allegedly was the subject of an investigation conducted by ATF. ATF contends that release of responsive records, if any exist, "would be contained in ATF personnel or similar files," (Kil Decl. ¶ 15,) the release of which "would constitute a clearly unwarranted invasion of [the third party's] personal privacy," 5 U.S.C. § 552(b)(6). In addition, ATF argues that responsive records, if they exist, would have been compiled for a law enforcement purpose, (*see* Kil Decl. ¶¶ 17-20,) the release of which "could reasonably be expected to constitute an unwarranted invasion of [the third party's] personal privacy," 5 U.S.C. § 552(b)(7)(C). If ATF were to confirm or deny the existence of records responsive to Plaintiff's FOIA request, its declarant explains, the third party would be "subject . . . to embarrassment, harassment, ridicule, speculation, and stigma associated with being identified in law enforcement records." (Kil Decl. ¶ 26.)

"[P]rivacy interests cognizable under Exemption 6 are cognizable under Exemption 7(C)," *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984), and an alleged government employee would have an "interest in protecting the privacy of his employment records against public disclosure, whether the information contained in them is favorable or unfavorable," *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990). Further, any individual

3

has a "strong interest in not being associated unwarrantedly with alleged criminal activity." *Stern*, 737 F.2d at 91-92. Here, ATF adequately shows that the third party's privacy interests are significant. (*See* Kil Decl. ¶¶ 4, 26.)

Plaintiff might prevail if he could identify a public interest in releasing the information he seeks of such magnitude that it outweighs the privacy interests at stake. *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776 (1989) (noting that "a court must balance the public interest in disclosure against the interest Congress intended the Exemption to protect"). He fails to meet his burden, however, due to his failure to respond to Defendant's summary judgment motion.

"If an individual is the target of a FOIA request, the agency to which the FOIA request is submitted may provide a 'Glomar' response, that is, the agency may refuse to confirm or deny the existence of records or information responsive to the FOIA request on the ground that even acknowledging the existence of responsive records constitutes an unwarranted invasion of the targeted individual's personal privacy." *Lewis v. U.S. Dep't of Justice*, 733 F. Supp. 2d 97, 112 (D.D.C. 2010) (citations omitted). The court concludes that ATF's Glomar response was appropriate. Therefore, Defendant's summary judgment motion will be granted. An Order is issued separately.

DATE: April 3, 2019

/s/
TANYA S. CHUTKAN
United States District Judge